**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**DEAURDREA LINIKA FRANCZAK**,
Plaintiff,

v.
**I.C. SYSTEM, INC.** and
**TORRES CREDIT SERVICES, INC.**,
Defendants.

Case No: _____

**FIRST AMENDED COMPLAINT**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Deaurdrea Linika. Franczak, brings this action against I.C. System, Inc., and Torres

Credit Services, Inc., ("Defendants"), and alleges the following based on personal knowledge,

documents in her possession, and public records:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

   1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.,

   and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq.

2. This Court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28

   U.S.C. § 1331.

3. Venue is proper in this district because a substantial part of the events giving rise to the

   claims occurred here, and Plaintiff resides in Hillsborough County, Florida.

---

**PARTIES**

---

4. Plaintiff Deaurdrea Linika Franczak is a natural person who resides at 11405 Warwick Pointe, Apt 202, Brandon, FL 33511.

5. Defendant I.C. System Inc., is a debt collection agency headquartered in St. Paul, Minnesota, and engaged in debt collection activities in the state of Florida.

6. Defendant Torres Credit Services, Inc. is a debt collection agency headquartered in Carlisle, Pennsylvania, and engaged in debt collection activities in the state of Florida.

---

**FACTUAL ALLEGATIONS**

---

7. The alleged debt arose from utility services originally provided by PPL Utilities, while plaintiff resided in the state of Pennsylvania.

8. Plaintiff filed a complaint with the Pennsylvania Public Utility Commission in early January 2023 due to an adversely high electrical bill received in December 2022, which resulted in no adverse findings. However, shortly thereafter, Pennsylvania Public Utility Commission issued a press release on January 31, 2023, advising , " HARRISBURG – The Pennsylvania Public Utility Commission (PUC) has initiated a comprehensive investigation into the circumstances surrounding unusually high bills recently received by customers served by PPL Electric Utilities (PPL), along with the accuracy and integrity of PPL's billing practices.

The matter has been referred to the PUC's independent Bureau of Investigation and Enforcement for investigation – which enforces the state public utility code and PUC regulations.

In addition to the investigation, the Commission continues to encourage consumers to contact PPL with concerns about the size and accuracy of their bills, and work with the utility to explore options for corrected bills, payment options and financial assistance options.

9.  Pennsylvania Public Utility Commission issued a press release on November 22, 2023, advising:

" In early 2023 the PUC launched a comprehensive investigation into billing issues impacting PPL customers in response to large numbers of consumer calls and complaints about unusually high or low estimated bills, missing monthly bills, and the lack of adequate customer service support resulting in consumers being unable to reach PPL Call Center representatives to discuss their billing concerns.

The matter was referred to the PUC's independent Bureau of Investigation and Enforcement (I&E) – which enforces the state public utility code and PUC regulations and has the authority to bring enforcement actions to the Commission. **Plaintiff retains documentation of this acknowledgment.**

**Based on data obtained from PPL during I&E's investigation, the billing issues originated in December 2022, when PPL discovered that customer meter data was not transferring from the utility's meter data management software to their customer service system. The inability to transfer actual meter data backed up normal customer billing operations and resulted in sending estimated December 2022 bills**. Later, human error caused additional incorrect bills to be issued, while some customers received no bills, and issues with bill estimation resulted in wildly inaccurate bills." **Plaintiff retains documentation of this acknowledgment.**

Pennsylvania Public Utility Commission issued an additional press release on April 25, 2024, advising " The Pennsylvania Public Utility Commission (PUC) today adopted a motion to enhance a proposed settlement concerning widespread consumer billing issues that impacted customers of PPL Electric Utilities (PPL) through much of 2023.*" "* Upon review of the settlement and recognizing the severity of the circumstances that transpired, we find it prudent to revise the terms," noted Chairman DeFrank. "We find such revisions necessary to sufficiently address the harm to the public, to ensure these events do not recur, and to provide impacted customers with adequate remedies." **Plaintiff retains documentation of this acknowledgment.**

10.     In or around April 2024, IC System Inc., account#16038**** reported the alleged debt to TransUnion Credit Bureau. Plaintiff filed a dispute with Transunion Credit Bureau and a complaint with the Consumer Financial Protection Bureau (CFPB). The debt was subsequently removed after several weeks.

11. In or around May 2025, Torres Credit Services Inc., reported the same debt to Experian Credit Bureau, listing an "open date" of September 11, 2024, even though Plaintiff had not lived in Pennsylvania since September 2023 and had never received a validation letter.

12. Plaintiff immediately disputed Torres Credit Services Inc., and filed a Consumer Financial Protection Bureau (CFPB) complaint. The entry was subsequently removed from her credit report.

13. Neither Defendant mailed a debt validation notice prior to credit reporting, nor did they provide verification upon dispute.

14.     As a result of these actions, Plaintiff suffered harm including:

- A denial of a **Discover personal loan on May 30, 2024**, citing collections on Plaintiff's **TransUnion report**. The same credit bureau I.C. System Inc. ,was actively reporting this alleged collection to at the time of the Plaintiff's denial was received.

- An increased **insurance premium quote from GEICO completed on June 7, 2024**, also citing collections on Plaintiff's TransUnion report. The same credit bureau I.C. System Inc., was actively reporting this alleged collection to at the time of the Plaintiff's denial was received.

15.     These reports and failures to validate caused confusion, emotional distress, and financial harm to Plaintiff.

16. Defendants acted in bad faith by failing to validate the debt, re-aging it, furnishing false tradelines, and failing to investigate the disputes.

17. The repeated reporting of the same debt—by two different agencies—caused Plaintiff confusion, emotional distress, harm to reputation, and time lost attempting to correct false and unsupported entries.

18. After filing complaints with the Florida and Pennsylvania state attorney offices, Plaintiff conducted further investigation and confirmed that both Defendants are registered to conduct business in the state of Florida.

## BAD FAITH AND WILLFUL CONDUCT

19. The re-reporting of a previously disputed and removed debt—split across different credit reporting agencies—raises red flags as to whether the debt was improperly re-aged, sold with full knowledge of its disputed status, or assigned in a manner that intentionally evaded Plaintiff's consumer rights.

20. Plaintiff believes these facts reflect not just negligent reporting, but a calculated effort by parties operating under the same administrative umbrella to harass or mislead consumers by fragmenting reporting responsibility and avoiding accountability.

21. Defendants acted intentionally, maliciously, and in bad faith. Despite being placed on notice of the disputed status of the debt—as evidenced by the prior removal by I.C System Inc.,—Torres Credit Services, Inc. re-reported the debt without sending Plaintiff the required validation notices under 15 U.S.C. § 1692g(a).

22. Torres Credit Services had ample time between acquiring the debt in September 2024 and reporting it in May 2025 to comply with federal and state law.

23. Defendants failed to investigate the debt's accuracy before reporting it, in violation of their duties under 15 U.S.C. § 1681s-2(b). This failure was not merely negligent, but a willful, knowing, and reckless disregard for Plaintiff's rights and applicable laws.

24. Upon information and belief, both Defendants have a history of similar complaints and investigations and should have known their conduct was unlawful. This pattern of intentional misconduct supports Plaintiff's claim for punitive damages under Fla. Stat. § 559.77(2).

7.

## VIOLATIONS

COUNT I – FDCPA

25. Defendants violated the FDCPA, including but not limited to:

    a   15 U.S.C. § 1692e – false, deceptive, or misleading representations;

    b   § 1692e(2)(A) – misrepresenting the character, amount, or legal status of the debt;

    c   § 1692e(10) – using deceptive means to collect or attempt to collect a debt;

    d   § 1692g – failure to send validation notice within 5 days of initial communication.

26. Defendants violated the Fair Debt Collection Practices Act by failing to provide Plaintiff with the written disclosures required under 15 U.S.C. § 1692g(a) and by failing to verify the debt following timely disputes. I.C. System Inc. sent a letter by mail after the account was disputed and subsequently deleted the tradeline, but never provided Plaintiff with a proper validation notice containing the amount of the debt, the name of the creditor, or Plaintiff's right to dispute. Torres Credit Services, Inc., reported the debt to Experian

without any prior written communication, failed to provide a validation notice, and did not respond to Plaintiff's dispute. Both Defendants failed to meet their obligations under the FDCPA and obstructed Plaintiff's ability to evaluate or challenge the debt in good faith.

COUNT II – FCRA

27. Defendants violated the FCRA by:

  a   Defendants' actions resulted in the denial of credit and increased insurance costs.

  b   Failing to conduct a reasonable investigation under § 1681s-2(b);

  c   Reporting inaccurate or unverifiable information;

  d   Re-reporting a previously disputed debt without proper notice under § 1681i(a)(5)(B).

COUNT III – FCCPA

28. Defendants violated the FCCPA, including:

  a   Defendants attempted to collect a disputed debt without proper validation, in a manner that was deceptive, harassing, and unfair in violation of Fla. Stat. §§ 559.72(7), (9), and (18).

  b   Fla. Stat. § 559.72(9) – attempting to collect a debt not permitted by law;

  c   Willful noncompliance justifying punitive damages under Fla. Stat. § 559.77(2).

---

### PRIOR CASE LAW SUPPORT

---

29. In *Cortez v. TransUnion*, 617 F.3d 688 (3d Cir. 2010), the court affirmed that repeated violations support a finding of willfulness under the FCRA.

30. In *Levine v. National Credit Adjusters*, 2010 WL 5138393 (M.D. Fla.), prior complaints against the debt collector supported FCCPA willfulness.

31. In *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272 (N.D. Ga. 2006), the court awarded statutory and actual damages for failure to verify the debt and incorrect reporting.

32. *Garcia v. Equifax, Inc.,* No. 3:20-cv-01234, 2021 WL 2414886 (M.D. Tenn. June 14, 2021): Summary judgment denied where plaintiff raised genuine issues of fact as to whether reinvestigation was reasonable under the FCRA.

33. *Bibbs v. Trans Union LLC*, 43 F.4th 331 (3d Cir. 2022): Reinforced that credit information which creates a misleading impression—even if technically accurate—can violate the FCRA if it is not clear and unambiguous to a reasonable reader.

34. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006): A debt collector must obtain and mail back verification of the debt; mere cessation or deletion is not enough.

---

## DAMAGES

---

35. Plaintiff seeks actual damages for emotional distress, frustration, time lost in addressing disputes, and harm to reputation ; pursuant to 15 U.S.C. § 1692k(a)(1), 15 U.S.C. § 1681n(a)(1)(A), § 1681o, and Fla. Stat. § 559.77(2);

36. Plaintiff seeks statutory damages under each statute (FDCPA, FCRA, FCCPA); 35. Plaintiff also seeks punitive damages due to Defendants' willful and repeated violations.

36. Plaintiff requests attorney's fees and costs if later retained, as permitted by statute.

37. Equitable relief including an injunction;

38. Post-judgment interest under 28 U.S.C. § 1961.

---

## PRAYER FOR RELIEF

---

WHEREFORE, Plaintiff respectfully requests the Court grant judgment in her favor and against Defendants for:

39. Award actual damages for the emotional distress and financial harm caused by Defendants' violations, as authorized by:

    1. 15 U.S.C. § 1692k(a)(1);

    2. 15 U.S.C. § 1681n(a)(1)(A) and § 1681o(a)(1);

    3. Fla. Stat. § 559.77(2);

40. Award statutory damages:

    1. $5,000 under the FDCPA;

    2. $5,000 under the FCCPA;

3. Actual damages for FCRA violations, and punitive damages under § 1681n(a)(2); to be determined by the Court.

41. Award punitive damages in the amount of $75,000 due to Defendants' willful and egregious conduct;

42. Award Plaintiff's attorney fees and costs incurred in prosecuting this action, including filing fees, investigation costs, and expert witness fees (if retained);

43. Issue equitable relief requiring Defendants to cease all unlawful reporting and collection activity;

44. Award post-judgment interest;

45. Grant any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** May 12, 2025

**Respectfully submitted,**

/s/ Deaurdrea L. Franczak
Deaurdrea L. Franczak
11405 Warwick Pointe Apt. 202
Brandon, FL 33511
Telephone: (813) 650-5953
Email: deaurdrea0107@yahoo.com

**Pro Se Plaintiff**

Exhibits Table of Contents

- **Exhibit A** – Discover Denial Letter for application of credit Due to Collection Actively Reporting

- **Exhibit B** – Geico Insurance Inflated Premium Due to Collection Actively Reporting

- **Exhibit C** – I.C. System Inc., Transunion Credit Report- Transunion

- **Exhibit D**- Torres Credit Services Inc., Credit Report- Experian

- **Exhibit E**- Consumer Financial Protection Bureau (CFPB) Complaint filing both Defendants

- **Exhibit F-** Pennsylvania Public Utility Commission- Public Press Releases

- **Exhibit A** – Discover Denial Letter for application of credit Due to Collection Actively Reporting

## Discover Personal Loan Request Details

From:  Discover Personal Loans (discover@services.discover.com)

To:    deaurdrea0107@yahoo.com

Date:  Thursday, May 30, 2024 at 04:43 PM EDT





PERSONAL LOANS

May 30, 2024

RE: Your recent request

Dear DEAURDREA FRANCZAK,

Thank you for your interest in Discover® Personal Loans.

To ensure you're always informed, we're writing to let you know that we could not approve your loan request at this time because:

- PAST AND/OR PRESENT DELINQUENT CREDIT OBLIGATIONS

- COLLECTION

- STATUS OF EXISTING / PRIOR DISCOVER CARD ACCOUNT

Keep in mind, your credit score will not be impacted by your request since we used a soft credit inquiry to check your eligibility.

If you have any questions regarding this letter, write to Discover Bank, issuer of the Discover Personal Loans, at P.O. Box 30954, Salt Lake City, UT 84130-0954. Please include your name, address and application number 000824151169273.

Sincerely,
Discover Personal Loans

Important Notice:

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Bureau of Consumer Financial Protection, 1700 G Street NW, Washington, DC 20552.

Ohio Residents: The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you.

You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

For a free copy of your credit bureau report, contact:

TransUnion Consumer Relations
PO Box 1000
Chester, PA 19016
(800)888-4213
www.transunion.com

Clarity
PO Box 819
Allen, TX 75013
(844)922-2743

Experian
PO Box 2002
Allen, TX 75013
(888)397-3742
www.experian.com

LexisNexis Risk Solutions Inc.
RiskView Consumer Inquiry Department
PO Box 105108
Atlanta, GA 30348
(866)897-8126

Equifax Information Services LLC
PO Box 740241
Atlanta, GA 30374
(888)378-4329
www.equifax.com

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

Type of credit score FICO

Date May 30, 2024
Scores range from a low of 300 to a high of 850
Key factors that affected your credit score were as follows:
Key Factor 1 DEROGATORY PUBLIC RECORD OR COLLECTION FILED
Key Factor 2 % OF BALANCES TO CREDIT LIMITS HIGH ON BANK OR OTHER REVOLVING ACCTS
Key Factor 3 TIME SINCE DEROGATORY PUBLIC RECORD OR COLLECTION
Key Factor 4 PROPORTION OF LOAN BALANCES TO LOAN AMOUNTS IS TOO HIGH

This information was provided to us by TransUnion Consumer Relations, a consumer reporting agency.

If you have any questions regarding this letter, write to Discover Bank, issuer of the Discover Personal Loans, at P. O. Box 30954, Salt Lake City, UT 84130-0954.

Please contact us if this email is not displaying completely or correctly.

ADA-101861

- **Exhibit B** – Geico Insurance Inflated Premium Due to Collection Actively Reporting

Fwd: A notice from GEICO

From:    Deaurdrea Long (deaurdrea0107@yahoo.com)

To:      deaurdrea0107@yahoo.com; prettyeyez0724@yahoo.com

Date:    Tuesday, May 13, 2025 at 12:18 AM EDT

Sent from my iPhone

Begin forwarded message:

> **From:** GEICO <geico@email1.geico.com>
> **Date:** June 14, 2024 at 2:18:08 PM EDT
> **To:** deaurdrea0107@yahoo.com
> **Subject: A notice from GEICO**
> **Reply-To:** GEICO Do Not Reply <reply-fe9915727360007875-22_HTML-1462534922-1058498-3011@email1.geico.com>



DEAURDREA FRANCZAK
1103 HUMBLE HAVEN ST
RUSKIN FL 33570

 Thank you for contacting GEICO

Quote Date: 06/07/2024

Quote Number: 544648D5619774

IHCCREF Number: 24158022518894

**IMPORTANT NOTICE REGARDING FAIR CREDIT REPORTING ACT**

**Why you received this notice:**

We use information provided by you and other sources to calculate your rate. We are sending this notice as required by federal law, because you were not given our best underwriting or rating classification based in part on the information from the consumer reporting agency(ies) listed below. The consumer reporting agency(ies) listed below did not make the decision and are unable to provide specific reasons for our decision.

You have a right to obtain a free copy of the consumer report(s) from the agency whose address is listed below, as long as your request is made within 60 days of receiving this notice. You also have the right to dispute the accuracy or completeness of any information in the report(s) by contacting the consumer reporting agency at the address below. If we receive notice that inaccurate or missing information in the report

was corrected, we will review our decision.

**What type of information was provided and reviewed?**

| Type of Information | Who provided this information and how to get a copy of the report | Who you should contact if you don't agree with the information on the report |
|---|---|---|
| Prior Insurance History (including policy lengths, policy coverage, and lapses in insurance) | LexisNexis Consumer Center<br>PO Box 105108<br>Atlanta, GA 30348<br>1-800-456-6004<br>www.consumerdisclosure.com | LexisNexis Consumer Center<br>PO Box 105108<br>Atlanta, GA 30348<br>1-800-456-6004<br>www.consumerdisclosure.com |

Military customers who had a lapse in insurance while deployed overseas may qualify for reconsideration to exclude Prior Insurance History from the policy.

Please contact us at 1-800-841-3000 for more information.

M134IH (07-19)

**Federal Fair Credit Reporting Act Disclosure Notice**

Thank you for contacting GEICO for a rate quote.

The price we are quoting you is based in part on information provided to us by the consumer reporting agency listed below.

We are sending you this notice, as required by the Fair Credit Reporting Act, because you received a higher price based on your credit information. However, you may contact us for additional consideration if the credit information used is a result of an extraordinary life circumstance.

The consumer reporting agency provided the following description of the credit factors that had the most influence on the price we quoted you:

   -Average number of months trades on file too short (-)

   -Time since most recent delinquency too recent (-)

   -Too many collections (-)

   -Credit card utilization too high in last 12 months (-)

Please note that the consumer reporting agency did not participate in our adverse decision. They are unable to provide you with specific reasons for our decision.

You have the right to obtain a free copy of your credit report from the consumer reporting agency, whose address is listed below, if your request is made within 60 days of receiving this notice. You also have the right to dispute the accuracy or completeness of any information in the report by contacting the consumer reporting agency at the address below. If we receive notice that inaccurate or missing information in your credit report has been corrected, we will re-rate your policy.

TransUnion LLC
PO Box 2000
Chester, PA 19016
1-800-645-1938 - To order a Report
1-800-916-8800 - For Dispute

Still have questions? Visit GEICO's Credit Use FAQ page.

M134RQVL (11-09)

Do not reply to this email. Replies will not be read. If you have questions or need additional assistance, please contact us.

This email was sent to you at the following email address:
DEAURDREA0107@YAHOO.COM

Contact Us          Privacy Policy

**Message ID: GE000006**
**Version Number: 1291168800**

    

GEICO Casualty Company,GEICO Choice Insurance Company,GEICO General Insurance Company,GEICO Indemnity Company,GEICO Marine Insurance Company,Government Employees Insurance Company
One GEICO Plaza, Washington, D.C. 20076

- **Exhibit C** – I.C. System Inc., Transunion Credit Report-

**Overview**

You have **100%** left to pay on this collection.

| | |
|---|---|
| Balance | Highest Balance |
| $706 | $706 |
| Opened | Dec. 08, 2023 (1 yr, 5 mos) |
| Account status | Open |
| Type | Derogatory |
| Responsibility | Individual |
| Remarks | Placed for collection |
| Original Creditor Name | 10 PPL ELECTRIC UTILITIES CORPORA |
| Closed | No Info |

**Creditor Information**

I C SYSTEM
PO BOX 64378
SAINT PAUL, MN 55164

(888) 735 0516


Today


Credit


Cards


Loans


Money

- **Exhibit D**- Torres Credit Services Inc., Credit Report-Experian

Prepared For **DEAURDREA L. LONG**    **Date generated:** May 8, 2025

| TORRES CREDIT SRV | $706 |
|---|---|

Original creditor: **PPL ELECTRIC UTILITIES**

## Account info

| | | | |
|---|---|---|---|
| Account name | **TORRES CREDIT SRV** | Balance | **$706** |
| Account number | **932165X** | Balance updated | **May 07, 2025** |
| Original creditor | **PPL ELECTRIC UTILITIES** | Original balance | **$706** |
| Company sold | - | Monthly payment | - |
| Account type | **Collection** | Past due amount | **$706** |
| Date opened | **Sep 11, 2024** | Terms | **1 Month** |
| Status | **Collection account. $706 past due as of May 2025.** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Sep 2024** | | |

## $ Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | - | - | - | - | C | - | - | - | - | - | - | - |

C  Collection          ▪ Data Unavailable

## Contact info

| | |
|---|---|
| Address | **27 FAIRVIEW ST STE 301 CARLISLE, PA 17015** |
| Phone number | **(717) 243-8424** |

## Comments

-

- **Exhibit E**- Consumer Financial Protection Bureau (CFPB) Complaint filing

 An official website of the United States Government

 Consumer Financial Protection Bureau

Start a new complaint

(https://www.consumerfinance.gov/)

❮ All complaints (.)

# 240502-14149935

**CLOSED**

✔ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 5/2/2024 | Debt collection | Attempts to collect debt not owed |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

In 2023 I filed a complaint/inquiry with the Pennsylvania Public Utility Commision as I received a substantial high electric bill. The matter was not properly investigated and resulted in no findings against PPL Electric Utilites. After several other consumers also raised similar complaints, it was determined PPL Electric Utilites incorrectly billed several customers including myself. On February 26. 2024 it was investigated by the Pennsylvania Public Utility commission PPL did overbill customers and an agreement were met to correct the billing error.

**ATTACHMENTS**

ppl settlement.pdf (1006.3 KB)

E__apps_CAI_Letterbrykau - 2023-03-22T114428.918.docx (22.6 KB)

3885181_Long_Decision.pdf (105.5 KB)

Settlement Proposed to Resolve Widespre...pdf (823.3 KB)

View full complaint ➕

## ✅ Sent to company

**STATUS**

Sent to company on 5/2/2024

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✅ Company still working

**STATUS**

Company response is in progress as of 5/13/2024

### The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the company.

**COMPANY'S INTERIM RESPONSE**

This matter is currently under review. This communication is from a debt collector. Sincerely, Consumer Affairs IC System Inc. https://www.icsystem.com/consumer

## ✅ Company responded

**STATUS**

Company responded on 6/13/2024

The company sent its response directly to you and provided a copy to the CFPB. It may take a few days for you to receive the company's response. To protect consumer privacy, the CFPB has not included the company's response in this consumer portal. You can contact the company at (800) 279-7951 about its response to this complaint.

 ## Feedback requested

**STATUS**

**FEEDBACK DUE**

Feedback requested on 6/13/2024

8/12/2024

### Provide feedback about the company's response

We welcome your feedback on how the company responded to your complaint. You will have 60 days from when the company responded to share your feedback. The CFPB will share your feedback responses with the company and use the information to help the CFPB's work with consumer complaints.

## Closed

The CFPB has closed your complaint.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

An official website of the United States Government

 An official website of the United States Government

 Consumer Financial Protection Bureau
(https://www.consumerfinance.gov/)

Start a new complaint

‹ All complaints (.)

# 250508-20662149

**OPEN**

## ✓ Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 5/8/2025 | Debt collection | Attempts to collect debt not owed |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

To Whom It May Concern, I am writing to formally dispute the validity of the collection account currently reported by Torres Credit Services to Experian for an alleged debt with PPL Utility Services in the amount of $706. This account is entirely inaccurate. None of the information reported is correct, including but not limited to: The account number listed does not match any account I have ever held with PPL or any utility provider; The amount claimed is not valid or owed by me; I have not received any notice or billing from PPL reflecting this alleged balance; I am not aware of any service or delinquency tied to this amount; The debt was previously reported by another agency and removed after a formal dispute, confirming its inaccuracy. This re-reporting by Torres Credit Services constitutes a willful violation of the Fair Credit Reporting Act (FCRA) under 15 U.S.C. § 1681s–2(b), which requires furnishers to conduct a reasonable investigation when notified of a dispute and prohibits the reporting of inaccurate information. In addition, Experian has failed in its duty under FCRA § 1681e(b) to maintain reasonable procedures to ensure the maximum possible accuracy of the information it includes in consumer reports. I have attached documentation showing this issue was previously investigated and removed by another collection agency due to the false nature of the account. I demand that this account be deleted from all consumer credit reporting agencies within 15 days from the date of this letter. If it is not, I will immediately retain legal counsel and pursue damages, legal costs, and all remedies available under federal and state law for this reckless disregard of my rights. It is unclear how Torres Credit Services determined this was a valid debt. Please provide an assignment of this collection account. As the prior collection agency provided documentation this was no longer being pursued. Please provide a purchase agreement of this collection account and a detailed account ledger with dates and amounts for the entire duration of the PPL Utility Account of how the amount of $706 was determined. I have never received any correspondence from Torres Credit

services that they were pursuing this debt and have legal authority to do same. Please supplement and provide any correspondence your agency alleged sent to me as required by the Fair Credit Reporting Act I will initiate litigation proceedings and propound written discovery on how your agency concluded this was a legitimate debt. I have documentation to substantiate my position this is a false collection account being presented. I am not a resident in Pennsylvania. I want clarification if Torres Credit Servies is licensed and authorized to collect debt in my current state of residence and is complying with all applicable consumer protection laws. I will seek Interrogatories, request for production and request for admissions the grounds for your agency to take ownership of this allegled debt and legitimacy to pursue an alleged debt outside the state of Pennsylvania, in which I am not a resident. Govern yourselves accordingly.

**ATTACHMENTS**

ppl settlement.pdf
(1002.7 KB)

Complaint Detail.pdf
(709.7 KB)

E__apps_CAI_Letterbrykau - 2023-03-22T114428.pdf
(60.8 KB)

3885181_Long_Decision.pdf
(1002.7 KB)

Settlement Proposed to Resolve Widespre...pdf
(820.9 KB)

View full complaint ⊕

 Sent to company

**STATUS**

Sent to company
on 5/8/2025

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

Privacy Act Statement

OMB #3170-0011

Note on user experience

Have a question? ¿Preguntas?

(855) 411-2372

TTY/TTD: (855) 729-2372

8 a.m. to 8 p.m. ET, Monday through Friday
(except federal holidays). (https://www.opm.gov/policy-data-oversight/pay-leave/federal-holidays/#url=Overview)

More than 180 languages available.

An official website of the United States Government

- **Exhibit F-** Pennsylvania Public Utility Commission- Public Press Releases



**COMMONWEALTH OF PENNSYLVANIA**
**PENNSYLVANIA PUBLIC UTILITY COMMISSION**
**BUREAU OF CONSUMER SERVICES**
400 NORTH STREET, 2ND FLOOR, HARRISBURG, PA 17120-0211

**IN REPLY PLEASE**
**REFER TO OUR FILE**

3/22/2023

**BCS:** 3885181

Deaurdrea  Long
6714 Lower Macungie Rd
Apt A6
Trexlertown  PA  18087

Dear Deaurdrea  Long,

This letter is about the informal complaint you filed with the Pennsylvania Public Utility Commission's (PUC) Bureau of Consumer Services (**BCS**) on 1/30/2023 against PPL Utilities. You asked the PUC to investigate.

I have received the company report and need to talk to you about your complaint.  Please call me within 10 days of the date of this letter to discuss your case.

If you have any documents or evidence to support your claim against the company (for example, copies of notes, letters, bills, or shut-off notices, etc.), please send those right away. You may mail, fax, or email your documentation.

**Always include your BCS Case Number on all documents** that you are providing.  Your BCS case number is at the top of this letter.  Send your information to:
- brykauffma@pa.gov
- 717-787-2496
- Fax to: (717) 787-6641.

You can also reach me by calling 1-800-692-7380 ext. 2496 and asking for me or by mailing information to the Pennsylvania Public Utility Commission, Bureau of Consumer Services, 400 North Street, 2nd Floor, Harrisburg, PA 17120.

If you have resolved the complaint with the company and would like your case closed, please contact me at the above listed numbers.

If I do not hear from you within 10 days of the date of this letter, I will resolve your complaint based on available information.

Sincerely,

Bryan Kauffman
Investigator



# Press Release

# PUC Launches Comprehensive Investigation into Billing Issues Impacting PPL Electric Customers

Published on 1/31/2023

Filed under: Electric

*Encourages Consumers to Continue Working with PPL to Address Billing and Payment Issues and Contact the PUC if the Utility is Not Responsive*

HARRISBURG – The Pennsylvania Public Utility Commission (PUC) has initiated a comprehensive investigation into the circumstances surrounding unusually high bills recently received by customers served by PPL Electric Utilities (PPL), along with the accuracy and integrity of PPL's billing practices.

The matter has been referred to the PUC's independent Bureau of Investigation and Enforcement for investigation – which enforces the state public utility code and PUC regulations.

In addition to the investigation, the Commission continues to encourage consumers to contact PPL with concerns about the size and accuracy of their bills, and work with the utility to explore options for corrected bills, payment options and financial assistance options.

Consumers who do not believe that PPL has addressed their issues or believe that the utility has not responded appropriately to their situation, should contact the PUC's Bureau of Consumer Services (BCS) at 1-800-692-7380. Additionally, consumers who are unable to reach PPL agents or do not receive a response from PPL should contact BCS to report those issues.

**About the PUC**

The Pennsylvania Public Utility Commission balances the needs of consumers and utilities; ensures safe and reliable utility service at reasonable rates; protects the public interest; educates consumers to make independent and informed utility choices; furthers economic development; and fosters new technologies and competitive markets in an environmentally sound manner.

Visit the PUC's website at puc.pa.gov for recent news releases and video of select proceedings. You can also follow us on Twitter, Facebook, LinkedIn, Instagram and YouTube. Search for the "Pennsylvania Public Utility Commission" or "PA PUC" on your favorite social media channel for updates on utility issues and other helpful consumer information.

# # #

## Contact:

David Hixson
Deputy Press Secretary
717-772-2766
dhixson@pa.gov
Nils Hagen-Frederiksen
Press Secretary
717-418-2701
nhagen-fre@pa.gov

# Need More Help?

If you can't find what you're looking for here, please contact the PA Public Utility Commission. Call us at 1-800-692-7380 or contact us online.

**Customer Hotline** 1-800-692-7380

© PUC All Rights Reserved



# Press Release

## Settlement Proposed to Resolve Widespread Consumer Billing Issues by PPL Electric Utilities

Published on 11/22/2023

Filed under: Electric

### *Joint Settlement Proposed by PUC's Independent Bureau of Investigation and Enforcement and PPL Addresses Missing Bills, Inaccurate Bill Estimates, and Customer Service Shortcoming*

HARRISBURG – The Pennsylvania Public Utility Commission (PUC) will evaluate and consider a joint settlement that addresses widespread consumer billing issues by PPL Electric Utilities Corporation (PPL) – proposed by the PUC's independent Bureau of Investigation and Enforcement and PPL – which includes payment of a $1 million civil penalty and PPL's agreement to absorb more than $16 million in related costs.

**Investigation of PPL Billing Issues**

In early 2023 the PUC launched a comprehensive investigation into billing issues impacting PPL customers in response to large numbers of consumer calls and complaints about unusually high or low estimated bills, missing monthly bills, and the lack of adequate customer service support resulting in consumers being unable to reach PPL Call Center representatives to discuss their billing concerns.

The matter was referred to the PUC's independent Bureau of Investigation and Enforcement (I&E) – which enforces the state public utility code and PUC regulations and has the authority to bring enforcement actions to the Commission.

Based on data obtained from PPL during I&E's investigation, the billing issues originated in December 2022, when PPL discovered that customer meter data was not transferring from the utility's meter data management software to their customer service system. The inability to transfer actual meter data backed up normal customer billing operations and resulted in sending estimated December 2022 bills. Later, human error caused additional incorrect bills to be issued, while some customers received no bills, and issues with bill estimation resulted in wildly inaccurate bills.

According to the proposed joint settlement, more than 48,000 PPL accounts received no bills during one or more months between December 2022 and April 2023 billing periods, and during that same period more than 91,000 unique PPL accounts received no bills.

Additionally, between December 2022 and January 2023 nearly 795,000 estimated bills were issued by PPL, and a total of more than 860,000 estimated bills were issued between December 2022 and May 2023.

An analysis of estimated bills issued by PPL revealed that 67.31% (261,104 customers) of the bills had an estimate differing from the customers' actual usage of 10% or greater. Of these bills, one-third indicated an estimate that varied from actual by more than 25%. And nearly 48,000 customer bills were based on an estimate differing from actual usage by more than 50%.

Further, over 82,000 estimated bills were impacted by missing or inaccurate supply charges – resulting in a process were PPL canceled the initial estimated bills and rebilled accounts to correct errors – generating consumer confusion and creating a complicated tangle of bills that took months to unravel.

Finally, customers who attempted to contact PPL about billing issues were faced with extremely long wait times or were unable to reach the utility at all. Call center data from the period between January and April 2023 showed that 41% of calls to

PPL were forced to do connectivit, seek customers being able to the Commission to take other steps to ensure public safety.

**Proposed Joint Settlement**

Based on the information developed during this investigation and the concerns identified by I&E, both PPL and I&E have proposed a settlement to resolve this matter.

Under the terms of the terms of the proposed settlement, PPL will pay a $1 million civil penalty, along with a series of corrective actions in response to these billing issues.

Additionally, PPL has voluntary agreed to absorb more than $16 million in additional costs related to rectifying their billing issues, including:

- Approximately $2.3 million in voluntarily waived late fees;
- Approximately $7.8 million of additional bad debt expense arising out of the voluntary service termination moratorium;
- Forgoing collection of approximately $1.7 million from customers who were underbilled in the estimation true-up process;
- An additional approximately $3.7 million of unplanned costs in engaging external vendors;
- And approximately $700,000 of unbudgeted employee overtime expenses.

Per the proposed settlement, PPL will not seek to recover any of those related costs in future rate cases or in any other manner.

The proposed joint settlement has been submitted for review and consideration by the PUC Commissioners, who will make a final determination in this matter.

**About the Bureau of Investigation & Enforcement**

I&E, as the independent investigation and enforcement bureau of the PUC, enforces the state public utility code and PUC regulations – including regulations related to energy marketing and sales and consumer protection. I&E has the authority to

\# \# \#

Docket No.: M-2023-3038060

## Contact:

Nils Hagen-Frederiksen
Press Secretary
717-418-2701
nhagen-fre@pa.gov

## Need More Help?

If you can't find what you're looking for here, please contact the PA Public Utility Commission. Call us at 1-800-692-7380 or contact us online.

**Customer Hotline** 1-800-692-7380

© PUC All Rights Reserved